UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KERRIE O.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C21-5399-MLP

ORDER

## I. INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in assessing certain medical opinions. (Dkt. # 13 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II. BACKGROUND

Plaintiff was born in 1968, has one year of college education, and has worked as a towing dispatcher. AR at 360-61. Plaintiff was last gainfully employed in 2003. *Id.* at 360.

In March 2018, Plaintiff applied for benefits, alleging disability as of December 13, 2016. AR at 327-32. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

ORDER - 1

requested a hearing. *Id.* at 241-49, 251-58. After the ALJ conducted a hearing in August 2020 (*id.* at 124-64), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 17-30.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.  LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

ORDER - 2

IV.     DISCUSSION

A.     **The ALJ Did Not Harmfully Err in Assessing the Opinion of John Haroian, Ph.D.**

Dr. Haroian examined Plaintiff in October 2019 and completed a DSHS form opinion describing her symptoms and limitations. AR at 534-47. Dr. Haroian performed a mental status examination and described Plaintiff's many marked or severe limitations. *Id*. The ALJ found Dr. Haroian's opinion to be unpersuasive because "it is supported by only a brief examination for non-treatment purposes. Additionally, his findings are unsupported by any rationale or by the treatment records, which show relatively benign findings as well as the situational component to the claimant's symptoms and the discrepancies in her statements." *Id*. at 27.

Because Plaintiff filed her claim after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. The new regulations still require ALJs to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. § 416.920c(a)-(b), and that reasoning must remain legitimate. *See Thomas S. v. Comm'r of Social Sec.*, 2020 WL 5494904, at *2 (W.D. Wash. Sept. 11, 2020). The Court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

Plaintiff contends that the ALJ erred in assessing Dr. Haroian's opinion because the ALJ failed to address whether the opinion was consistent with other evidence in the record, as required by the new regulations. (Dkt. # 13 at 8.) Plaintiff also argues that the ALJ erred in concluding that Dr. Haroian's opinion was not supported by the treatment notes or by discrepancies in her own statements, without showing how these parts of the record undermined Dr. Haroian's conclusions. (*Id.* at 6-8.) Lastly, Plaintiff argues that the ALJ erred in finding Dr. Haroian's opinion unsupported based on his status as an examining psychologist because the

ALJ did not mention this issue with regard to other examining providers, and even found one of their opinions to be partially persuasive. (*Id.* at 6.) The Court will address each of these arguments in turn.

>    1.   The ALJ Did Not Harmfully Err in Contrasting Dr. Haroian's Opinion with Other Evidence in the Record

Although the ALJ did not explicitly refer to the "consistency" of Dr. Haroian's opinion with the remainder of the record, the ALJ did explicitly compare Dr. Haroian's opinion with other parts of the record, namely the treatment records. AR at 27. The Court finds that this comparison satisfies the ALJ's obligation to consider how consistent Dr. Haroian's opinion is with the remainder of the record. *See* 20 C.F.R. § 416.920c(c)(2). The ALJ contrasted Dr. Haroian's conclusions with the "relatively benign findings" in the treatment record, which were discussed in detail earlier in the decision. *See* AR at 24 (comparing mental status examination findings indicating Plaintiff's "relatively benign presentation" with Plaintiff's "description of marked/severe social, cognitive, and mental dysfunction").

Plaintiff did not challenge this line of reasoning with respect to the ALJ's discounting of her own allegations, and although she contends that the ALJ cherry-picked "relatively benign" findings in the treatment record (dkt. # 13 at 7), she has not shown that the record cannot be reasonably interpreted in that manner. The ALJ cited substantial evidence to support his interpretation. *See* AR at 24 (citing *id*. at 443, 457, 519, 557, 558, 568, 572-73, 582, 588, 589, 593). The Court finds that this inconsistency between the treatment notes and Dr. Haroian's conclusions is a specific, legitimate reason to discount Dr. Haroian's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

ORDER - 4

|   |   |
|---|---|
| 1 | The ALJ also found that Plaintiff's treatment notes documented the "situational |
| 2 | component" to her symptoms as well as discrepancies in her statements, and the ALJ elaborated |
| 3 | on these findings earlier in the decision. AR at 24-25. Specifically, the ALJ cited evidence that |
| 4 | Plaintiff told her providers that her mental symptoms flared in relation to surgery anxiety, |
| 5 | financial stress, and stressful housing transitions, and the treatment notes reflected improvement |
| 6 | after the stressors resolved. *Id*. at 25 (citing *id*. at 500 (Plaintiff reports depression based on |
| 7 | "situational stuff[,]" namely a potential eviction upcoming), 512 (Plaintiff reports to provider |
| 8 | that she "can't work because I take care of my grandkids and get to live in a house with a phone, |
| 9 | cable and food, I cannot afford that on my own"), 555 (Plaintiff reports to provider that having |
| 10 | additional money and a tablet has helped to ease her anxiety)). The ALJ cited this evidence as a |
| 11 | reason to discount Plaintiff's allegations of an inability to work caused by medically |
| 12 | determinable impairments, and Plaintiff did not challenge that line of reasoning with respect to |
| 13 | the ALJ's assessment of her testimony nor explain why this evidence would not undermine Dr. |
| 14 | Haroian's attribution of Plaintiff's symptoms to her conditions rather than her circumstances. *See* |
| 15 | *Chesler v. Colvin*, 649 F. App'x 631, 632 (9th Cir. May 13, 2016) (affirming an ALJ's |
| 16 | discounting of Plaintiff's testimony and medical opinions where "the record supports the ALJ's |
| 17 | conclusion that Chesler's mental health symptoms were situational, and so unlikely to persist |
| 18 | once Chesler's circumstances improved"). |
| 19 | The ALJ also found that the treatment notes documented discrepancies in Plaintiff's |
| 20 | reporting, specifically as to Plaintiff's hallucinations. AR at 24-25. The ALJ noted that Plaintiff |
| 21 | reported experiencing auditory hallucinations and panic attacks, but her providers did not |
| 22 | observe them, and Plaintiff told providers and the ALJ that she can ignore the hallucinations. *Id*. |
| 23 | (citing *id*. at 450, 557-58, 568, 581, 583, 588, 592). The ALJ interpreted this evidence to mean |

ORDER - 5

that "the intensity and persistence of [Plaintiff's] alleged symptoms are less limiting than alleged." *Id*. at 25. This line of reasoning does not pertain to Dr. Haroian's opinion because Plaintiff did not report hallucinations or panic attacks to Dr. Haroian. Thus, any discrepancies in Plaintiff's reporting of hallucinations or panic attacks would not undermine Dr. Haroian's conclusions, and therefore, is not a legitimate reason to discount Dr. Haroian's opinion. This error is harmless, however, because the ALJ identified other valid inconsistencies.

2. *The ALJ Did Not Err in Finding Dr. Haroian's Opinion to be Unsupported*

As mentioned above, the ALJ noted that Dr. Haroian examined Plaintiff one time and his opinion was not supported by any rationale. AR at 27. While Plaintiff may be correct that Dr. Haroian's status as an examining provider is not a sufficient basis for discounting his opinion, the ALJ did not err in noting that Dr. Haroian's perspective on Plaintiff's condition was limited and that the rationale for his conclusions was unexplained. *See* 20 C.F.R. § 416.920c(c)(1), (3)(i). As the ALJ explained earlier in the decision, Dr. Haroian's mental status examination findings were mostly normal. *See* AR at 24 (citing *id*. at 537-38). The marked and severe limitations indicated by Dr. Haroian are thus not supported by his objective findings, and Dr. Haroian did not point to any particular basis for finding that Plaintiff's limitations were so significant. *See id*. at 535-36. This is a legitimate reason to discount Dr. Haroian's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (rejecting physician's opinion due to discrepancy or contradiction between opinion and the physician's own notes or observations is "a permissible determination within the ALJ's province").

Accordingly, when the ALJ's decision is read as a whole, the Court finds that the ALJ's decision adequately addresses the consistency and supportability of Dr. Haroian's conclusions. *See, e.g.*, *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("Because it is proper to read

ORDER - 6

the ALJ's decision as a whole, and because it would be a needless formality to have the ALJ repeat substantially similar factual analyses at both steps three and five, we consider the ALJ's treatment of the record evidence in support of both his conclusions at steps three and five."). Although Plaintiff asks the Court to read the ALJ's assessment of Dr. Haroian's opinion in isolation, and therefore find it lacks specificity, "even when an agency explains its decision with less than ideal clarity, we must uphold it if the agency's path may reasonably be discerned." *Molina*, 674 F.3d at 1121 (cleaned up). The Court finds that the ALJ's decision as a whole creates a logical bridge that permits the Court to discern the connection between the ALJ's interpretation of the treatment record and his assessment of Dr. Haroian's opinion, which provides specific, legitimate reasons to discount Dr. Haroian's opinion.

    **B.**  **The ALJ Did Not Harmfully Err in Discounting the Opinion of Dan Neims, Psy.D.**

    Dr. Neims examined Plaintiff in March 2017 and completed a DSHS opinion describing her symptoms and limitations. AR at 441-56. The ALJ noted that Dr. Neims's examination predated the application date by about a year, and that Dr. Neims reviewed "very minimal records" in rendering his opinion. *Id*. at 27. The ALJ also found Dr. Neims's conclusions were not supported by his mental status examination or his clinical findings, "but instead appear[] rather exaggerated." *Id*. Lastly, the ALJ found that Dr. Neims's opinion was inconsistent with the "rather benign mental health findings" in the treatment record, as well as with Plaintiff's contrary statements and the "situational component" to Plaintiff's symptoms. *Id*.

    Plaintiff did not explicitly assign error to the ALJ's assessment of Dr. Neims's opinion (*see* dkt. # 13 at 1), yet argues that the ALJ erred in discounting the opinion for invalid reasons (*id.* at 9-12). Plaintiff essentially reiterates arguments made with respect to Dr. Haroian's opinion, contending that the ALJ erred in finding Dr. Neims's opinion to be unsupported and

ORDER - 7

inconsistent based on a cherry-picked view of the record. (*Id.*) Plaintiff has not shown that the ALJ failed to account for any particular part of the record, however. Plaintiff emphasizes that Dr. Neims recorded her history of significant symptoms (*id.* at 11 (citing AR at 443-47)), but fails to acknowledge that within that section of his opinion, Dr. Neims also documented Plaintiff's "[e]xtensive negative impression management and help seeking behavior with prominent disability conviction." *Id.* at 445. Plaintiff has not shown that Dr. Neims's findings or any other treatment notes, when viewed in their entirety, undermine the ALJ's assessment of the record, or that the ALJ merely isolated a small quantum of evidence to support his interpretation. Because Plaintiff has failed to show that the ALJ's interpretation of the evidence was unreasonable, Plaintiff has not met her burden to show harmful legal error in the ALJ's assessment of Dr. Neims's opinion.

V.      CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED**, and this case is **DISMISSED** with prejudice.

Dated this 7th day of February, 2022.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8